A. E. HAUNSTINE V. STATE OF NEBRASKA.

[FILED JANUARY 2, 1891.]

1. **Murder:** COMPLAINT: INFORMALITY. In a complaint before an examining magistrate it was alleged that the accused "then and there unlawfully, willfully, maliciously, and feloniously, and of his deliberate and premeditated malice, did kill and murder Hiram Roten and William Ashley." To this charge the accused pleaded "not guilty," and waived an examination and was thereupon committed to jail. Upon an information being filed against him in the district court he filed a plea in abatement to such indictment on the ground that the complaint failed to charge him with murder in the first degree and therefore he had not waived an examination for that crime. In the original complaint he was charged with killing two persons, whereas in the information he was charged with killing but one

of them.  *Held*, That the plea in abatement was properly over-ruled and that the complaint, though informal, did charge murder.

2. ———: CASE STATED.  The accused committed a burglary by breaking into a school house and taking a clock and other property therefrom.  Soon afterwards two of the officers of the district, following up the tracks of horses and the wagon to the residence of the accused, demanded the clock, which the accused delivered to them.  He then followed them out doors and when they were a short distance from the house going away he shot each of them through the head, killing them instantly.  *Held*, That a verdict of murder in the first degree would not be set aside nor the sentence reduced.

3. ———: PREMEDITATION: DURATION.  To warrant a conviction of murder in the first degree it is not necessary that the evidence show that the accused deliberated over the matter and formed the purpose to kill, for weeks, days, or hours before committing the crime.  The law fixes no particular length of time for *premeditation* and *deliberation* as the criterion to distinguish murder in the first from the lower degree thereof, but leaves each case to be determined from the circumstances surrounding it.

ERROR to the district court for Custer county.  Tried below before HAMER, J.

*N. V. Harlan, A. R. Humphrey*, and *C. L. Gutterson*, for plaintiff in error, cited, as to premeditation and deliberation : *Beers v. State*, 24 Neb., 614 ; *Schaffer v. State*, 22 Id., 557; *Simmerman v. State*, 14 Id., 568.

*William Leese, Attorney General, contra*, cited, as to the plea in abatement: *State v. Bailey*, 32 Kan., 83; *Redmond v. State*, 12 Id., 175 ; *State v. Pritchard*, 35 Conn., 325–6; Crim. Code, sec. 303.

MAXWELL J.

The plaintiff in error was convicted of the murder of Hiram Roten in Custer county on the 9th day of November, 1888, and sentenced to be hanged.

8

Two errors are relied upon for the reversal of the judgment: First, the overruling of the plea in abatement, and second, the insufficiency of the testimony of the testimony to sustain the verdict. The plea in the abatement is as follows:

"Now comes Albert E. Haunstine in his own proper person and prays judgment that said indictment be quashed for the following reasons:

"First—Because the information alleges that defendant committed, on the ninth day of November, A. D. 1888, the crime of murder in the first degree. And the complaint upon which defendant was arrested and taken before the county court, and upon which he waives examination, and upon which the information in this court is based, charges the defendant with a commission of a crime of lower and less degree than murder in the first degree if it charged a crime at all.

"Second—Because the complaint charged that defendant killed on the 9th day of November, A. D. 1888, Hiram Roten and William Ashley with a pistol, etc. It is specifically charged as one crime. And in the information filed in this court based upon the aforesaid complaint filed in the county court of Custer county, Nebraska, and upon which defendant is called upon to answer and plead to, charges that on the said 9th day of November defendant killed and murdered Hiram Roten, and no allegation that William Ashley was by defendant killed and murdered by defendant, thereby alleging another and different crime.

> "H. M. SULLIVAN & N. HARLAN,
> "*Attorneys for Defendant.*"

The county attorney filed an answer to the plea in abatement denying each and every allegation therein contained. There also appears to have been a motion to quash information. The ruling upon the motion to quash the information, and also the ruling on the plea in abatement is set forth in the record as follows:

"This cause came on to be heard this 20th day of December, 1888, and the defendant was brought into court attended by his counsel, H. M. Sullivan and N. V. Harlan, and prosecuted his motion to quash the information; the same was argued and submitted to the court. Whereupon the court overruled the motion to quash, and the defendant excepted. Now upon this same day and date comes the defendant, attended by his counsel, and hearing had upon defendant's plea in abatement, and the answer thereto of J. S. Kirkpatrick, county attorney. Upon issues joined and the introduction of the record of the examining magistrate as evidence by the defendant, the court finds for the state and against the defendant, and that the allegations contained in defendant's plea in abatement are not true."

The complaint is as follows:

"STATE OF NEBRASKA, $\left.\right\}$ SS.
CUSTER COUNTY.

"Before John Reese, County Judge.

"STATE OF NEBRASKA
v. $\left.\right\}$ For Murder.
ALBERT E. HAUNSTINE.

"The complaint and information of J. S. Kirkpatrick, of Custer county aforesaid, made in the name of the state of Nebraska, before John Reese, county judge within and for said county, this 24th day of November, A. D. 1888, who, being duly sworn, on his oath says that Albert E. Haunstine, on the 9th day of November, A. D. 1888, in the county aforesaid, the said Albert E. Haunstine then and there being, then and there unlawfully, willfully, maliciously, and feloniously, and of his deliberate and premeditated malice, did kill and murder Hiram Roten and William Ashley, deliberate and premeditated, with a certain pistol, then and there in his right hand, held contrary to the form of the statutes in such case made and

provided, and against the peace and dignity of the people
of the state of Nebraska.          J. S. KIRKPATRICK.

"Subscribed in my presence and sworn to before me
this 24th day of November, 1888.

"[SEAL.]          JOHN REESE,
          *County Judge.*

The plaintiff in error was thereupon arrested and taken
before the county judge of Custer county, and pleaded not
guilty and waived an examination, whereupon he was com-
mitted to the county jail to answer the charge of murder
in the first degree. It will be observed that the word
"purposely" is omitted from the complaint, as also the
intent to kill. Had an examination been had it is proba-
ble that these omissions would have been supplied and a
new complaint filed. This probably was prevented by
the accused waiving an examination, but whether or not
this was the case is not material. The charge was that of
the murder of Hiram Roten, and the degree of the crime
within that charge in the information must be determined
by the jury on the trial, as the preliminary examination
does not operate as a bar in proving the degree of the
crime. Taking the entire complaint together, while it is
somewhat informal, it is sufficient after trial and judgment
to sustain the charge of the crime of murder in the first
degree. The second objection, that the complaint charged
the defendant with killing Hiram Roten and Wm. Ashley
with a pistol, whereas the charge upon which the plaintiff
in error was tried was for the murder of Hiram Roten, is
equally untenable. If the plaintiff in error murdered
either of the parties named in the information in the man-
ner therein stated he would be guilty of murder, and would
be liable to the penalty of the law the same as if he had
murdered two or more. In other words, the murdering of
two or more will make the crime more atrocious, but the
party who commits the murder will be equally liable for

the murder of one as well as a greater number.    The plea in abatement was properly overruled.

Second—The principal ground relied upon is that the evidence is not sufficient to warrant a verdict of murder in the first degree, and therefore that the court should reduce the sentence to imprisonment for life.

The testimony tends to show that a short time before the 8th day of November, 1888, the plaintiff in error made a trip with his team to Cozad, on the line of the Union Pacific railway; that in returning home he stopped at a school house and raised one of the windows and took therefrom a clock and apparently other property.    The teacher on going to the school house in the morning found that his clock and other property had been carried away, whereupon he complained to the officers in the district, of which William Ashley was moderator and Hiram Roten apparently director.    One of these men was also a constable. These officers went to the school house where the burglary had been committed, took measurements of the tracks of the horses and those made by the wagon, and following these tracks came to the residence of the plaintiff in error and demanded the clock.    It was then about noon, and the plaintiff in error or his wife invited these parties to take dinner with the plaintiff in error.    This they refused to do, but stated that they had not time to wait. The plaintiff in error followed the parties out of the house, and when Mr. Roten was from sixteen to twenty feet from the house, apparently walking away from it, the plaintiff in error shot him through the head, the ball entering the back part of the head and coming out in front.    He also shot Mr. Ashley through the head.    Killing both of these parties, he thereupon proceeded to rob the bodies, took the horses of the officers whom he had killed to a deserted ranch near by and left them there apparently without food or water.    He then took his own horses and hitched to a wagon and by driving at night and hiding during the day managed to escape to Madison county.

On the 12th of November, 1888, the bodies of the murdered men were found near the plaintiff in error's house, the plaintiff in error, after the murder, having covered them with hay. The hay had been removed from the face of the body of Mr. Roten, and when found the face and neck had been eaten, apparently by wild animals. The motive for the murder appears to have been fear on the part of the plaintiff in error that the officers having traced the clock and other property into the possession of the plaintiff in error, therefore he was liable to be prosecuted for that offense. The object appears to have been to get rid of these witnesses. The killing was not done in the heat of passion, but was a cold-blooded deliberate murder, and so far as appears there are no extenuating circumstances. To constitute murder in the first degree it is not necessary that the party should have determined for weeks or days or even hours to commit the crime. It is sufficient to warrant a conviction, if, from the attending circumstances, it is shown that such party had actually formed the purpose maliciously to kill another, and had deliberated and premeditated upon it before committing the act. The law fixes no particular length of time that such purpose must be formed, but leaves each case to be determined by its own circumstances. (*Milton v. State*, 6 Neb., 143; *State v. Turner*, Wright [O.], 20; *State v. Gardiner*, Wright [O.], 392.) In the case at bar the plaintiff in error had no grievance against the men he murdered. One of them he claimed was his best friend. He was fearful, however, that in the performance of their duty they would cause his prosecution for burglary; hence he deliberately murdered them. The testimony is sufficient to warrant a verdict of murder in the first degree. The judgment is

AFFIRMED.

THE other judges concur.